IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALICIA STORY,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**CEEDA ENTERPRISES, INC. d/b/a Riley's Showbar, a corporation; and CAROL O. HAIR, WILLIAM M. HAIR, and JAMES N. CLINE, individuals,**<br><br>      **Defendants.** | Civil Action No.<br><br><br><br>Jury Trial Demanded |

## COMPLAINT

NOW COMES Plaintiff Alicia Story, by and through her attorneys, against CEEDA Enterprises, Inc. d/b/a Riley's Showbar (hereinafter "Riley's"), Carol O. Hair, William M. Hair, and James N. Cline (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.

Plaintiff Alicia Story hereby alleges that Defendants have maintained a pattern and practice of not paying her—as well as numerous other employees—minimum wages, not paying for overtime wages, failing to provide proper time for

required lunch and rest breaks, and otherwise failing to provide statutorily mandated wages and compensation.

2.

This action is brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. to recover unpaid wages, unpaid overtime wages and other wages for which Plaintiff was not paid in violation of the laws of the United States.

### JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et seq., commonly known as the FLSA. Plaintiff does not assert any cause of action that is subject to any collective bargaining agreement.

4.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendant CEEDA Enterprises, Inc. is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

5.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, *inter alia*,

Defendant CEEDA Enterprises, Inc.'s principle place of business is located in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

6.

Plaintiff Alicia Story is an individual residing in Palmetto, Coweta County, Georgia. Story is a former employee of Defendants. Story worked as a waitress for Defendants from 1996 through 2000 and from 2007 until February 21, 2014. Defendants have never paid her any wages of any kind. Story has given her consent to join this lawsuit in writing.

7.

Defendant CEEDA Enterprises, Inc. is a Georgia corporation with its principal place of business at 4425 Fulton Industrial Blvd. SW, Atlanta, GA 30336; Defendant Carol O. Hair is its CEO; Defendant James N. Cline is its CFO, and Defendant William M. Hair is its Secretary. Defendants have acted together in a conspiracy to carry out their illegal enterprise since at least 1996. Defendant Defendant James N. Cline—who is the registered agent of Defendant CEEDA Enterprises, Inc.—can be served at at 570 Colonial Park Drive, Suite 303, Roswell, GA 30075. Defendants Carol O. Hair and William M. Hair can be served at their

residence, 134 Lagoon Drive Clarks Hill, SC 29821, or wherever they can be found.

## FACTUAL ALLEGATIONS

8.

Defendants own and operate a successful and long-lived strip club, Riley's Showbar. The business of Defendants is to provide alcohol, food, nude dancers, other entertainment to customers of the club. Defendants have at relevant all times done business in the State of Georgia.

9.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Defendants—doing business as "Riley's Showbar"—are an enterprise engaging in commerce by having multiple employees regularly engaged selling alcoholic beverages produced and shipped from outside of the State of Georgia, regularly serving foods produced and shipped from outside of the State of Georgia, having multiple employees regularly processing out-of-state credit card sales, and regularly using wires in the furtherance of their business. Furthermore, Riley's is situated off an exit ramp of an interstate highway and serve large numbers of out-of-state customers. Additionally, Defendants have revenues and do business transactions in excess of $500,000 a year. Furthermore, Plaintiff's waitress job is not a position involving

4

work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

10.

Defendants have at all times relevant falsely classified Plaintiff as an independent contractor. This false classification has been made for the entire time that Plaintiff has worked for Defendants.

11.

Despite the fact that the Defendants have classified Plaintiff as an independent contractor, Defendants have exercised at least the following controls over Plaintiff:

(1) Defendants set Plaintiff's schedule, and Plaintiff could be terminated for not following the schedule set by Defendants. In fact, Defendants forced Plaintiff to work at times when she expressed an urgent need to take time off;

(2) Defendants required Plaintiff and other waitresses to wear a uniform consisting of black pants (or a skirt or shorts in summer) and a white shirt;

(3) Defendants required Plaintiff to serve all customers in the club and to perform side work such as cleaning of the popcorn machine, cleaning ashtrays, and bussing tables;

(4) Defendants prohibited Plaintiff from consuming alcohol while working;

(5) Defendants provided a "bank" of cash to Plaintiff at the beginning of each shift, which Plaintiff would have to return at the end of each shift;

(6) Defendants directed Plaintiff to perform various other tasks as those needs of Defendants arose;

(7) Defendants required Plaintiff to pay 10% of her tips per shift to the club bartender(s).

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

12.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

13.

At all times relevant herein, Plaintiff performed work for which the minimum wage should have been paid by Defendants, but has been paid no wages of any kind by Defendants.

14.

Defendants have committed *prima facia* violations of 29 U.S.C. § 206 by failing to pay Plaintiff any wage whatsoever.

15.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff.

16.

At all relevant time, the unlawful conduct against Plaintiff, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of Plaintiff. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants CEEDA Enterprises, Inc., Carol O. Hair, William M. Hair, and James N. Cline, as well as their managerial employees.

17.

These actions were compounded by Defendants' failure to provide notice to Plaintiff they intended to utilize the tip-credit provisions of the FLSA.

18.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against Plaintiff and Defendants have made no good faith attempt to comply with the provisions of the FLSA. Therefore, these violations constitute a willful

violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

19.

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b).

20.

Defendants' wrongful and illegal conduct has deprived Plaintiff of the minimum wage to which she is statutorily entitled in an amount to be determined in the enlightened conscious of a jury. Additionally, Plaintiff is entitled to her attorney's fees, expenses, and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

21.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

22.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to be compensated at one and one half times her regular wage for each and every hour worked over forty hours in any given workweek.

23.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiffs any wage whatsoever.

24.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiff, much less required overtime wages. Defendants are liable to Plaintiff for her unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray that this Court:

(a) Find that Defendants have willfully violated 29 U.S.C. §§ 206–207 by failing to pay Plaintiff minimum and overtime wages;

(b) Issue a judgment against Defendants for all unpaid wages, interest, attorney's fees and costs, and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(c) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b); and

(d) For such other and further relief as is just and equitable.

    Plaintiff hereby demands a TRIAL BY JURY.

Respectfully submitted this 1st day of April 2014.

| | |
|---|---|
| SMITH COLLINS, LLC<br>8565 Dunwoody Place<br>Building 15, Suite B<br>Atlanta, GA 30350<br>(770) 378-1408<br>wanthonycollins@gmail.com | */s/ W. Anthony Collins, Jr.*<br>W. Anthony Collins, Jr.<br>Georgia Bar No. 141712 |
| SMITH COLLINS, LLC<br>8565 Dunwoody Place<br>Building 15, Suite B<br>Atlanta, GA 30350<br>(770) 286-1800<br>herrington.matthew@gmail.com | */s/ Matthew W. Herrington*<br>Matthew W. Herrington<br>Ga. Bar No. 275411 |
| | *Attorneys for Plaintiffs* |